IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VirnetX Inc., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:10-cv-94 |
| vs. § | |
| § | |
| Microsoft Corporation, § | |
| § | |
| Defendant. § | |

## PLAINTIFF VIRNETX INC.'S ORIGINAL COMPLAINT

Plaintiff VirnetX Inc. ("VirnetX") files this complaint against Defendant Microsoft Corp. ("Microsoft") for patent infringement of U.S. Patent Nos. 6,502,135 and 7,188,180, under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

## THE PARTIES

1. Plaintiff VirnetX is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 5615 Scotts Valley Drive, Suite 110 Scotts Valley, California.

2. Defendant Microsoft Corp. is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. On information and belief, Microsoft regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, and as set forth below, has committed and continues to commit, tortious acts of patent infringement within and outside of Texas and within the Eastern District of Texas.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. § 1338.

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

5. This Court has personal jurisdiction over Microsoft. Microsoft has conducted and does conduct business within the State of Texas. Microsoft, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Microsoft, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Microsoft has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## COUNT ONE

## PATENT INFRINGEMENT

6. VirnetX incorporates by reference paragraphs 1-5 as if fully set forth herein.

7. On December 31, 2002, United States Patent No. 6,502,135 ("the '135 patent") entitled "Agile Network Protocol for Secure Communications with Assured System Availability" was duly and legally issued with Edmund Colby Munger, Douglas Charles Schmidt, Robert Dunham Short, III, Victor Larson, Michael Williamson as the named inventors after full and fair examination.  VirnetX is the owner of all rights, title, and interest in and to the '135 patent and possesses all rights of recovery under the '135 patent.  A copy of the '135 patent is attached as Exhibit A.

8. Microsoft is infringing the '135 patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States products and services (including, but not limited to Windows 7 and Windows Server 2008 R2) that practice the inventions of the '135 patent; (b) importing into the United States the inventions of the '135 patent; (c) on information and belief, contributing to the infringement of the '135 patent by others in the United States; and/or (d) on information and belief, inducing others to infringe the '135 patent within the United States.

9. Microsoft's acts of infringement have caused damage to VirnetX.  VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial.  Microsoft's infringement of VirnetX's rights under the '135 patent will continue to damage VirnetX's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court.

10. Microsoft's has willfully infringed and/or does willfully infringe the '135 patent.

11. Plaintiff has complied with 35 U.S.C. § 287.

## COUNT TWO

## PATENT INFRINGEMENT

12. VirnetX incorporates by reference paragraphs 1- 11 as if fully set forth herein.

13. On March 6, 2007, United States Patent No. 7,188,180 ("the '180 patent") entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network" was duly and legally issued with Edmund Colby Munger, Robert Dunham Short, III, Victor Larson, Michael Williamson as the named inventors after full and fair examination.  VirnetX is the owner of all rights, title, and interest in and to the '180 patent and possesses all rights of recovery under the '180 patent.  A copy of the '180 patent is attached as Exhibit B.

14. Microsoft is infringing the '180 patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and selling within the United States products and services (including, but not limited to Windows 7 and Windows Server 2008 R2) that practice the inventions of the '180 patent; (b) importing into the United States the inventions of the '180 patent; (c) on information and belief, contributing to the infringement of the '180 patent by others in the United States; and/or (d) on information and belief, inducing others to infringe the '180 patent within the United States.

15. Microsoft's acts of infringement have caused damage to VirnetX.  VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial.  Microsoft's infringement of VirnetX's rights under the '180 patent will continue to damage VirnetX's business, causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court.

16. Microsoft's has willfully infringed and/or does willfully infringe the '180 patent.

17. Plaintiff has complied with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

VirnetX hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, VirnetX prays for the following relief:

1. A judgment that Microsoft has directly infringed the '135 and '180 patents, contributorily infringed the '135 and '180 patents, and/or induced the infringement of the '135 and '180 patents;

2. A preliminary and permanent injunction preventing Microsoft and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the '135 and '180 patents;

3. A judgment that Microsoft's infringement of the '135 and '180 patents has been willful;

4. This case be found an exceptional case, entitling VirnetX to attorneys' fees incurred in prosecuting this action;

5. A judgment and order requiring Microsoft to pay VirnetX damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up

until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

6. A judgment and order requiring Microsoft to pay VirnetX the costs of this action (including all disbursements);

7. A judgment and order requiring Microsoft to pay VirnetX pre-judgment and post-judgment interest on the damages awarded;

8. A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that VirnetX be awarded a compulsory ongoing licensing fee; and

9. Such other and further relief as the Court may deem just and proper.

DATED:  March 17, 2010   Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ Douglas A. Cawley
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 04035500
E-mail: dcawley@mckoolsmith.com
Luke F. McLeroy
Texas State Bar No. 24041455
E-mail: lmcleroy@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
E-mail: bcaldwell@mckoolsmith.com
Jason D. Cassady
Texas State Bar No. 24045625
E-mail: jcassady@mckoolsmith.com
J. Austin Curry
Texas State Bar No. 24059636
E-mail: acurry@mckoolsmith.com
**McKool Smith P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**McKool Smith P.C.**
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF
VIRNETX, INC.**